IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK LUCERO,

      Plaintiff,

vs.                                                     No.  CV-08-101 WJ/ACT

PUBLIC SERVICE COMPANY OF
NEW MEXICO,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND ORDER DENYING AS MOOT
PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment (Doc. 26).  The Court, after reviewing Defendant's Motion, Defendant's Memorandum In Support of Motion for Summary Judgment (Doc. 27) and exhibits, Plaintiff's Response to the Motion for Summary Judgment (Doc. 34) and exhibits and Defendant's Reply Brief in Support of the Motion for Summary Judgment (Doc. 40), finds and concludes that Defendant's Motion is well taken and shall be granted.  In view of the Court's decision to grant Defendant's Motion for Summary Judgment in its entirety, the Motion to Withdraw as Counsel (Doc. 38) filed by Plaintiff's counsel is denied as moot.

### I. LEGAL STANDARD

Summary Judgment under F.R. Civ. P. 56 is appropriate ". . . if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Argo v. Blue Cross & Blue Shield of Kansas, Inc., 452 F.3d 1193, 1199 (10th Cir. 2006). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party". Allen v. Muskogee, 119 F.3d 837, 839 (10th Cir. 1997). Once the movant demonstrates no genuine issue of material fact, the non-movant is given ". . . wide berth to prove a factual controversy exists." Jeffries v. Kansas Dep't of Soc. & Rehab. Servs. 147 F.3d 1220, 1228 (10th Cir. 1998). Vague, unsported conclusory allegations do not, however, create a genuine issue of material fact. Ford v. West, 222 F.3d 767, 777 (10th Cir. 2000).

## II.  DISCUSSION

**A.    Plaintiff's Claims Under the New Mexico Human Rights Act for Discrimination and Retaliation.**

Plaintiff attempts to assert claims under the New Mexico Human Rights Act ('NMHRA") for discrimination and retaliation. It is undisputed that Plaintiff received his no probable cause determination on April 13, 2007 and filed his Complaint on December 5, 2007. Defendant is correct that Plaintiff's NMHRA claims are barred and this Court is without jurisdiction to hear those claims because Plaintiff did not bring suit within ninety (90) days of his receipt of the Human Rights Division's no-probable cause determination. See N.M.S.A. § 28-1-13 (providing 90 days to bring suit per amendment effective June 17, 2005). Plaintiff claims that he made a timely filing by pursuing his claims within ninety (90) of receiving his Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). The date upon which Plaintiff received his right to sue letter from the EEOC has no bearing on Plaintiff's ability to assert a state law claim under the NMHRA. What controls is state law and that law provides

that the Plaintiff had ninety days from receipt of his no probable cause determination issued by the New Mexico Human Rights Division to file suit. Plaintiff's failure to file suit within ninety days of his no probable cause determination leaves this Court without jurisdiction to consider his claims under the NMHRA. See Mitchell-Carr v. McLendon, 127 N.M. 282, 287 (1999) (30 day period extended to 90 days in 2005 under NMSA § 28-1-13).

**B.      Plaintiff's Claims Regarding Events Occurring Before August 25, 2006**

It is undisputed that Plaintiff filed his EEOC charge of discrimination on June 21, 2006. Three hundred days before June 21, 2006 is August 25, 2005. The United States Supreme Court has held that to the extent a plaintiff attempts to recover for discrete acts of alleged discrimination, only those acts occurring within 300 days of the date that the Plaintiff filed his discrimination charge are actionable. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113-14 (2002). Accordingly, Plaintiff may not assert that discrete acts occurring prior to August 25, 2005 are actionable and this would include disciplinary actions issued to Plaintiff by Armando Cordova or Defendant's handling of Plaintiff's Complaint against Allen Davis.

**C.      Plaintiff's Claims of Hostile or Abusive Working Environment**

Plaintiff repeatedly and in an unsupported, conclusory manner uses words like "harassment," "pervasive" and "severe" to describe his work environment, yet Plaintiff has not shown how his work environment was harassing or abusive based on his national origin. Defendant's statement of undisputed fact number 26 states "Plaintiff admits that no one at PNM ever made racist remarks to him". Plaintiff does not dispute this fact, See *Response* at Page 5. Instead, Plaintiff rambles on in his response in an incoherent, conclusory manner stating the work environment was hostile and abusive yet providing no specific allegations. *Response* at Pages 14-15. Plaintiff has simply failed to raise any genuine issue of material fact to

demonstrate that, based on his National origin, his working environment was "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." See Herrera v. Lufkin Industries, Inc., 474 F.3d 675, 680 (10th Cir. 2007).  Accordingly, summary judgment is appropriate on Plaintiff's hostile work environment claim.

**D.     Plaintiff's Claim of Discrimination Based on Disparate Treatment**

Defendant's Statement of Material Undisputed Fact No. 31 states "Plaintiff has no evidence that any employee supervised by Allen Adcock who altered company records was treated differently than Plaintiff".  In Plaintiff's Response, he admits that he does not have any evidence to show that Non-Hispanic employees were treated better when they had a series of performance problems and then falsified company records.  See *Response* at Page 8.  Instead, Plaintiff makes the unsupported conclusory allegation that he suspects that four Anglo employees who complained about Plaintiff's performance were in a conspiracy to have him terminated because they were friends.  The Court agrees with Defendant that without evidence that  such conduct - - even if it did occur - - was racially motivated, Plaintiff's National Origin Discrimination Claim fails.  See Chavez v. New Mexico, 397 F.3d 826, 832 (10th Cir. 2005) (no racial discrimination simply due to being the lone member of an identifiable racial or ethnic minority within a supervisor's chain of command).

**E.     Plaintiff's Retaliation Claim**

The Court can find no evidence in the record that Plaintiff ever engaged in any activity protected by Title VII before he was terminated from his employment by Defendant.  There is no evidence that Plaintiff ever claimed of discrimination or harassment based on his National origin.  Plaintiff did claim to Defendant's Human Resources Department that Allen Davis was

4

treating him poorly and that Gary Bridges was retaliating against him because Bridges was friends with Davis; however, Plaintiff's response creates no issue of fact whatsoever on the crucial element regarding engaging in any activity protected by Title VII.  Moreover, Plaintiff's Response did not raise any genuine issues of fact to show or suggest that his termination was causally connected to his complaint about Gary Bridges and the lapse of time between the two events was approximately four months.  Defendant is entitled to summary judgment on Plaintiff's retaliation claim as a matter of law.

**F.     Plaintiff's Claim of Breach of Implied Contract**

Once again, the Court is left in the dark to try to ascertain exactly what provision of what policy Plaintiff claims to have relied upon in support of his claim for breach of implied contract. After reviewing Plaintiff's response, it is clear to the Court that Plaintiff cannot point to any explicit promise or reasonable expectation as required by New Mexico law in order to assert a breach of implied contract claim.  See Watson v. Blakenship, 20 F.3d 383, 391 (10th Cir. 1994). Finally, since Plaintiff's breach of implied contract claim fails as a matter of law, his claim for breach of the implied covenant of good faith and fair dealing must also fail as a matter of law. Melnick v. State Far Mut. Auto Ins. Co., 106 N.M. 726, 731 (1988).

### III.  CONCLUSION

Defendant's Motion for Summary Judgment and Memorandum in Support thereof has demonstrated that no genuine issues of material fact exists and Defendant is entitled to judgment as a matter of law.  Plaintiff's Response to the Motion for Summary Judgment failed to establish the existence of any factual controversy or any genuine issue of material fact and Plaintiff's unsupported conclusory allegations do not create any issue of material fact that would preclude the granting of Defendant's Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 26) is hereby **GRANTED** and Plaintiff's claims are hereby dismissed with prejudice with the exception that Plaintiff's claims of violation of the NMHRA are dismissed without prejudice due to the Court's lack of jurisdiction to consider those claims;

**IT IS FURTHER ORDERED** that the Motion to Withdraw as Counsel filed by Plaintiff's counsel is denied as moot in view of the Court's granting of Defendant's Motion for Summary Judgment in its entirety.

**IT IS FINALLY ORDERED** that notwithstanding the filing of a Motion to Withdraw by Plaintiff's counsel, Plaintiff's counsel is ordered to immediately furnish Plaintiff with a copy of this Memorandum Opinion and Order and advise Plaintiff about his right to appeal the granting of Defendant's Motion for Summary Judgment.

**JUDGMENT SHALL ISSUE.**

_____
UNITED STATES DISTRICT JUDGE